PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__Waco__ DIVISION

FILED
MAY 17 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF T[EXAS]
BY _____ DEPUTY

__Troy L. Webb, #01525373__
Plaintiff's Name and ID Number

__TDCJ-Estelle Unit__
Place of Confinement

CASE NO. __W17CA126__
(Clerk will assign the number)

v.

__Dr. Ranee Lenz, Individually and Officially__
__3601 Fourth Street Lubbock, TX 79430__
Defendant's Name and Address

__Dr. Stephanie Zepeda, Individually and Officially__
__2400 Avenue I Huntsville, TX 77340__
Defendant's Name and Address

__Dr. George Shroedery, M.D., Individually and Officially__
__2900 TX-South Loop Palestine, TX 75801__
Defendant's Name and Address
( DO NOT USE "ET AL.")

[Jury Demand]

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

## — Defendants Continued —

4. Mr. Richard Grogan, Individually and Officially
   2900 TX-South Loop Palestine, TX 75801

5. Mr. Allen George, Individually and Officially
   2900 TX-South Loop Palestine, TX 75801

6. Palestine Regional Medical Center
   2900 TX-South Loop Palestine, TX 75801

7. Ms. Jennifer Harper, Individually and Officially
   TDCJ- Michael Unit
   2664 FM 2054  Tenn. Colony, TX 75886

8. Dr. Douglas Greene, M.D. In his Officially Capacity ONLY
   TDCJ- Hughes Unit
   Rt. 2 Box 4400 Gatesville, TX 76597

9. Mr. Theodore Nasiotis, Individually and Officially
   TDCJ- Hughes Unit
   Rt. 2 Box 4400 Gatesville, TX 76597

10. Ms. Courtney Chung, Individually and Officially
    TDCJ- Hughes Unit
    Rt. 2 Box 4400 Gatesville TX 76597

11. Ms. Valencia Pollard-Fortson, Individually and Officially
    TDCJ- Hughes Unit
    Rt. 2 Box 4400 Gatesville, TX 76597

### – Defendants Continued –

12. Dr. Lanette Linthicum, M.D., In her Official Capacity ONLY
    2 Financial Plaza, Suite 625 Huntsville, TX 77340

13. Texas Dept. Of Criminal Justice –
    Health Services Division
    2 Financial Plaza, Suite 625 Huntsville, TX 77340

14. The University of Texas Medical Branch –
    Correctional Managed Care (UTMB-CMC)
    301 University Boulevard Galveston, TX 77555

15. Texas Tech University Health Service Center –
    Managed Health Care Services (TTUHSC-MHCS)
    3601 Fourth Street
    Lubbock, TX 79430

16. Mr. Melvin Wright, Individually and Officially
    TDCJ-Hughes Unit
    Rt 2 Box 4400 Gatesville TX 76597

17. Ms. Vanessa Jones, In her Official Capacity ONLY
    P.O. Box 99
    Huntsville, TX 77342

# FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

# CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _____

        2. Parties to previous lawsuit:

        Plaintiff(s) _____

        Defendant(s) _____

        3. Court: (If federal, name the district; if state, name the county.) _____

        4. Cause number: _____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: TDCJ-Estelle Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Troy L. Webb TDCJ-Estelle Unit 264 FM 3478 Huntsville, Texas 77320

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Dr. Ranee Lenz, Pharm.D., Chief of Managed Health Care Pharmacy Services, TTUHSC-MHCS; 3601 Court Street Lubbock, TX 79430
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Dr. Lenz deliberately failed to provide me with adequate medical treatment.

Defendant #2: Dr. Stephanie Zepeda, Pharm.D., Director of Pharmacy, UTMB-CMC; 2400 Avenue I Huntsville, TX 77340
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Dr. Zepeda intentionally failed to provide me with adequate medical treatment.

Defendant #3: Dr. George Schroedery, M.D. Emergency Room Physician, Palestine Regional Medical Center 2900 TX-South Loop Palestine TX 75801
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Dr. Schroedery deliberately failed to provide me with adequate medical treatment.

Defendant #4: Mr. Richard Grogan, Hospital Administrator (former), Palestine Regional Medical Center 2900 TX-South Loop Palestine TX 75801
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Grogan purposefully implemented practices to deny TDCJ offenders adequate medical care.

Defendant #5: Mr. Allen George, Hospital Administrator (current), Palestine Regional Medical Center 2900 TX-South Loop Palestine, TX 75801
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
George still implements practices which deny TDCJ offenders adequate medical care.

5

Rev. 05/15

## IV. B. Defendants To The Suit Continued

**Defendant #6:** Palestine Regional Medical Center, 2900 TX-South Loop Palestine, TX 75801
Palestine Regional Medical Center establishes practices which discriminate against TDCJ offenders.

**Defendant #7:** Ms. Jennifer Harper, Physician's Assistant, UTMB-CMC TDCJ-Michael Unit 2664 FM 2054 Tenn. Colony, TX 75886
Harper deliberately failed to provide me with adequate medical treatment.

**Defendant #8:** Dr. Douglas Greene, M.D., Unit Physician, TTUHSC-MHCS TDCJ-Hughes Unit Rt 2 Box 4400 Gatesville, TX 76597
Dr. Greene failed in providing me with adequate medical treatment by not appealing the prison Pharmacy's denial of my need for adequate medical treatment through medication therapy.

**Defendant #9:** Mr. Theodore Nasiotis, Physicians Assistant TTUHSC-MHCS TDCJ-Hughes Unit Rt 2 Box 4400 Gatesville TX 76597
Nasiotis deliberately failed to provide me with adequate medical treatment.

**Defendant #10:** Ms. Courtney Chung, TTUHSC-MHCS TDCJ-Hughes Unit Rt 2 Box 4400 Gatesville TX 76597
Chung deliberately failed to provide me with adequate medical treatment.

### – IV. B. Defendants To The Suit Continued –

Defendant #11: Ms. Valencia Pollard-Fortson, Medical Administrator
TTUHSC-MHCS-TDCJ- Hughes Unit Rt 2 Box 4400 Gatesville, TX 76597

Valencia deliberately failed to provide me with adequate medical treatment.

Defendant #12: Dr. Lanette Linthicum, M.D. – Director of Health Services Division
TDCJ-HSD 2 Financial Plaza, Suite 625, Huntsville TX 77340

Dr. Lanette deliberately failed to provide me with adequate medical treatment.

Defendant #13: Texas Dept. Criminal Justice - Health Services Division
TDCJ-HSD    2 Financial Plaza, Suite 625 Huntsville, TX 77340

Texas Department of Criminal Justice - Health Services Division deliberately failed to provide me with adequate medical treatment.

Defendant #14: The University of Texas Medical Branch – Correctional Managed Care - TDCJ-HSD
~~Reserved~~
301 University Blvd. Galveston TX, 77555

The University of Texas Medical Branch deliberately failed to provide me with adequate medical treatment.

-7-

## -IV. B. Defendants To The Suit Continued-

<u>Defendant #15:</u> Texas Tech University Health Science Center-Managed Health Care Services 3601 Fourth Street, Lubbock TX 79430

Texas Tech University Health Services Center deliberately refused me adequate medical treatment by medication treatment.

<u>Defendant #16:</u> Mr. Melvin Wright, Nurse Practitioner - TTUHSC TDCJ-Hughes Unit Rt 2 Box 4400 Gatesville TX 76597

Mr. Wright deliberately refused me adequate medical treatment

<u>Defendant #17:</u> Ms. Vanessa Jones Dir. of TDCJ-SCRO TDCJ-State Classification and Records Office P.O. Box 99 Huntsville, TX 77342

If Ms Jones refuses to realease the files I request she will harm my civil case.

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Dr. George Schroedery violated the Eight Amendment by knowing I had a injury to my neck and still refused me of adequate medical attention. Approximately on 05/08/2016 at the TDCJ-Michaels Unit. I misstepped and fell in 12 Building A pod 10 cell. I landed on the right portion of my back and right portion of my neck. Medical was called and placed a neck brace and backboard underneath me for support. I was transported to Palestine Regional Medical Center for a CT SCAN/MRI due to X-RAY not showing C-4 vertabrae damaged.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

General Damages-pain and suffering, punitive damages-punish the defendant and compensatory damages. Jury will decide how much.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Troy Leonard Webb

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

01525373,

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date sanctions were imposed: _____
  4. Have the sanctions been lifted or otherwise satisfied?  ____ YES ____ NO

9

Rev. 05/15

Dr. George Schroedery violated the Eight Amendment by knowing I had a injury to my neck and still refused me of adequate medical attention.

Approximately on 05/08/2016 at the TDCJ-Michaels Unit. I misstepped and fell in 12 Building A pod 10 cell. I landed on the right portion of my back and right portion of my neck. Medical was called and placed a neck brace and backboard underneath me for support. I was transported to Palestine Regional Medical Center for a CT SCAN/MRI due to X-Ray not showing C-4 vertabrae damaged.

Dr. George Schroedery refused to order CT SCAN/MRI and establishes practices which discriminate against TDCJ offenders to deliberate indifference to an unreasonable risk of serious harm, in violation of the Eight Amendment. For this reason, his motion to dismiss my case should be denied.

Jennifer Harper violated the Eight Amendment by refusing to refer me to a specialist (neck & back doctor).

Around 5/10/2016 at the TDCJ-Michaels Unit. Jennifer Harper observed how I explained the symptoms I was having on the right portion of my neck and the right portion of my back. I explained how I was having sharp stabbing pain and constant never ending due to injury. Jennifer Harper refused to order a referral to specialist to determine the seriousness to my injury to deliberate indifference to an unreasonable risk of serious harm, in violation of the Eight Amendment. For this reason, his motion to dismiss my case should be denied.

Melvin Wright violated the Eight Amendment by refusing to refer me to a specialist (neck & back doctor).

10

On or before 7/30/16 at the TDCJ-Hughes Unit. I was examined by Nurse Practitioner, Melvin Wright for right portion of my back and right portion of my neck. I explained to N.P. Wright that Nortriptyline HCL 50 MG Capsule was prescribed on 6/10/16 it was not helping with reducing the pain. N.P. Wright told me I was a "punk a** kid" and told me to "get out" of his office.

N.P. Melvin Wright's refusal to refer me to a specialist caused my condition to get worse to deliberate indifference to an unreasonable risk of serious harm, in violation of the Eight Amendment. For this reason, his motion to dismiss my case should be denied.

Valencia Pollard-Fortson violated the Eight Amendment by denying me adequate medical treatment.

On or about 8/01/16 at the TDCJ-Hughes Unit. I sent Valencia Pollard-Fortson a complaint about N.P. Wright refusing me adequate medical attention, and also, about N.P. Wright calling me a "punk a** kid" and to "get out" his office.

Valencia Pollard-Fortson refused to fix the problem which caused my condition to get worse to deliberate indifference when she ignored an obvious and serious danger, in violation of the Eight Amendment. For this reason, her motion to dismiss my case should be denied.

P.A. Milton Togo violated the Eight Amendment by intentionally knowing that I was hurt and was suffering with pain.

On or before 8/17/2016 at the TDCJ-Hughes Unit.

P.A. Milton Togo O PA-C examined me for ongoing injury to the right portion of my neck and the right portion of my back. He ordered Gabapintin for the pain and nerve damage to the C-4 vertabrae, but pharmacist (Stephanie Zepeda, Pharm.D.) denied my medication. I explained to P.A. Togo that I needed to be admitted to Hospital and have a CT SCAN/MRI due to ongoing constant pain. P.A. Togo caused my condition to worsen due to lack of Job duty's.

P.A. Milton Togo refused me adequat medical attention knowing I was In need of speacialist to determine injury (neck and back doctor). to deliberate indifference when he ignored an obvious and serious danger.

P.A. Theodore Nasiotis violated the Eight Amendment by not refering me back to specialist (back and neck doctor)

　　Approximately on 2/19/17 at the TDCJ-Hughes Unit. P.A. Theodore Nasiotis examined me for ongoing constant sharp stabbing pain in the right portion of my neck and right portion of my back. P.A. Nasiotis did order Gabapintin for pain, but was denied by pharmacy (Stephanie Zepeda, Pharm.D.). Theodore Nasiotis knowingly knew that I was in constant pain and suffering and due to him refusing to refer me back to specialist he caused my injury's to get worse to deliberate indifference to an unreasenable risk of serious harm, in violation

of the Eight Amendment. For this reason, his motion to dismiss my case should be denied. Dr. Douglas Greene violated the Eight Amendment by refusing to order neck brace to support my neck until surgery.

On or before 2/22/17 at the TDCJ-Hughes Unit, Dr. Douglas Greene, M.D. told me the reason my medication was denied, because another offender was abusing his prescription to Gabapintin and occomalated $100.00 worth of Commissary by selling his pills. Since this other offender abuses his pills I am being treated like I will do the same. So I was informed my medication was ordered, but denied by pharmacy (Stephanie Zepeda, Pharm. D).

Dr. Douglas Greene refused to appeal the pharmacy's decision about my medication for Gabapintin amounts to deliberate indifference to an obvious and serious danger.

P.A. Courtney Chung violated the Eight Amendment by refusing to order a walker, neck brace, cructhes, and or cain.

Approximately on 03/01/2017 at TDCJ-Hughes Unit. I was examined by P.A. Courtney Chung and she never performed a physical to determine if there was anything seriously wrong with me she just reviewed the chart on the computer.

P.A. Courtney Chung has caused my condition to get worse to deliberate indifference to an

13

Prison Condition that exposes a prisoner to an unreasonable risk of serious harm, in violation of the Eight Amendment. For this reason, hier motion to dismiss my case should be denied.

C.  Has any court ever warned or notified you that sanctions could be imposed?  ____YES ✓NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: 05/12/17
            DATE

_Troy Webb_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __12__ day of __May__, 20__17__.
          (Day)          (month)          (year)

_Troy Webb_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**